IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Raul Castor, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 2579 |
| NCO Financial Systems, Inc., a Pennsylvania corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Raul Castor, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.   Plaintiff, Raul Castor ("Castor"), is a citizen of the State of Texas, from whom Defendant attempted to collect a delinquent consumer debt owed to CIGPF Corp, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, NCO Financial Systems, Inc., ("NCO"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois, and 31 other states, as well as 11 foreign countries, Defendant NCO operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois. In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NCO is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NCO conducts business in Illinois.

6. Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Castor is a disabled senior citizen and veteran, with limited assets and income, who fell behind on paying his bills. When NCO began trying to collect the CIGPF Corp. debt from Mr. Castor, by sending him a collection letter, dated April 7, 2010, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant NCO's collection actions. A copy of Defendant NCO's collection letter is attached as Exhibit C.

8. Accordingly, on July 23, 2010, one of Mr. Castor's attorneys at LASPD informed NCO, in writing, that Mr. Castor was represented by counsel, and directed

NCO to cease contacting him, and to cease all further collection activities because Mr. Castor was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant NCO sent Mr. Castor a collection letter, dated January 6, 2012, which demanded payment of the CIGPF Corp. debt. A copy of this collection letter is attached as Exhibit E.

10. Accordingly, on February 27, 2012, one of Mr. Castor's LASPD attorneys had to write to Defendant NCO again to demand that it cease communications and cease collection of the CIGPF Corp. debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter (Exhibit D) from Mr. Castor's, agent/attorney, LASPD, told Defendant NCO to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendant NCO violated § 1692c(c) of the FDCPA.

16. Defendant NCO's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant NCO knew that Mr. Castor was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant NCO to cease directly communicating with him. By directly sending Mr. Castor the January 6, 2012 letter (Exhibit E), despite being advised that he was represented by counsel, Defendant NCO violated § 1692c (a)(2) of the FDCPA.

20. Defendant NCO's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## PRAYER FOR RELIEF

Plaintiff, Raul Castor, prays that this Court:

1. Find that Defendant NCO's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Castor, and against Defendant NCO, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Raul Castor, demands trial by jury.

Raul Castor,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: April 9, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5